IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILD HORSE FREEDOM FEDERATION<br>14910 Wildwood Circle<br>Magnolia, Texas  77354<br><br>    Plaintiff,<br><br>    v.<br><br>BUREAU OF LAND MANAGEMENT<br>1849 C Street NW<br>Washington, DC 20240<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 19-cv-1308<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I. INTRODUCTION

1.  Plaintiff Wild Horse Freedom Federation ("WHFF") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Bureau of Land Management (hereinafter "BLM") in failing to provide WHFF with all non-exempt records responsive to its July 19, 2018, FOIA request to this federal agency, seeking copies of all emails and email attachments, as well as fax transmissions, sent to and from Sally Spencer, Supervisory Marketing Specialist for the Bureau of Land Management's Wild Horse &

Burro Program, for the period of April 23, 2018, through April 30, 2018.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Wild Horse Freedom Federation, is a non-profit organization that, at all times relevant herein, has been headquartered in Magnolia, Texas.

5. Defendant Bureau of Land Management is federal agency of the United States, and sub-component of the United States Department of the Interior, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about July 19, 2018, WHFF sent a FOIA request to the Bureau of Land Management (BLM),seeking copies of all emails and email attachments, as well as fax transmissions, sent to and from Sally Spencer, Supervisory Marketing Specialist for the Bureau of Land Management's Wild Horse & Burro Program, for the period of April 23, 2018, through April 30, 2018.

14.  On or about July 24, 2018, WHFF sent an email to BLM inquiring whether BLM had assigned an agency tracking number to WHFF's July 19, 2018, FOIA request.

15.  On or about July 25, 2018, WHFF sent another email to BLM inquiring whether BLM had received WHFF's July 19, 2018, FOIA request, as well as requesting an estimated date when the agency would provide the requested records.

16.  On or about July 25, 2018, BLM sent an email WHFF indicating that BLM had received WHFF's July 19, 2018, FOIA request on July 19, 2018, and had assigned this FOIA Request control number 2018-01113.

17.  On or about September 29, 2018, WHFF sent an email to BLM requesting an estimated completion date for WHFF's July 19, 2018, FOIA request.

18. On or about October 22, 2018, Plaintiff WHFF sent a follow-up email to BLM, once again requesting the agency provide an estimated date of completion for WHFF's July 19, 2018, FOIA request.

19.  On or about November 22, 2018, WHFF sent another email to BLM, again

requesting the agency provide an estimated date of completion for WHFF's July 19, 2018, FOIA request.

20. On or about December 21, 2018, WHFF once again sent a follow-up email to BLM, requesting the agency provide an estimated date of completion for WHFF's July 19, 2018, FOIA request.

21. On or about February 27, 2019, WHFF sent another email to BLM, again requesting an estimated completion date for WHFF's July 19, 2018, FOIA request.

22. As of the date of the filing of this action Plaintiff WHFF has still not received any agency decision or any of the records which it requested in its July 19, 2018, FOIA request to the BLM.

## VII. CLAIMS FOR RELIEF

23. WHFF realleges, as if fully set forth herein, paragraphs 1-22 previously set forth herein.

24. Defendant BLM has violated FOIA by failing to provide WHFF with all non-exempt responsive records for its July 19, 2018, FOIA request.

25. By failing to provide WHFF with all non-exempt responsive record to its July 19, 2018, FOIA request as described in paragraph 13 above, Defendant BLM has denied WHFF's right to this information as provided by the Freedom of Information Act.

26. Defendant BLM has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to WHFF's July 19, 2018, FOIA

request.

27. By failing to perform an adequate search reasonably calculated to locate all responsive records to WHFF's July 19, 2018, FOIA request, Defendant BLM has denied WHFF's right to this information as provided by law under the Freedom of Information Act.

28. Unless enjoined by this Court, Defendant BLM will continue to violate WHFF's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

29. WHFF is directly and adversely affected and aggrieved by Defendant BLM's failure to provide responsive records to its July 19, 2018, FOIA request described above.

30. WHFF has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

31. WHFF is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for WHFF, providing the following relief:

1. Declare Defendant BLM has violated FOIA by failing to provide WHFF with all non-exempt records responsive to its July 19, 2018, FOIA request.

2. Declare Defendant BLM has violated FOIA by failing to complete an adequate

search for records responsive to WHFF's July 19, 2018, FOIA request.

3. Direct by injunction that Defendant BLM perform an adequate search for records responsive to its July 19, 2018, FOIA request, and provide WHFF with all non-exempt responsive records to WHFF's July 19, 2018, FOIA request.

4. Grant WHFF's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 6th day of May, 2019.

Respectfully submitted,

 /s/
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**